IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL BURGESS | § | |
| (TDCJ No. 2118350), | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | No. 3:18-cv-327-L-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Christopher Michael Burgess, proceeding *pro se*, has filed a 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. No. 5. This

resulting action has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge Sam A. Lindsay.

On March 14, 2018, the Court ordered Burgess to show cause in writing why his

motion should not be summarily dismissed as time-barred. *See* Dkt. No. 6. Burgess

timely responded on April 11, 2018. *See* Dkt. No. 7. And Burgess's Section 2255 motion

was ordered served. *See* Dkt. No. 8.

The government then moved to strike the motion (filed on the Court's standard

form), auguring that its spanning more than 50 pages (including 78 grounds for relief)

exceeds the Court's local rules governing the page limit on briefs filed in Section 2255

proceedings. *See* Dkt. No. 11. The Court denied that motion but invited the government

to move on its assertion that the Section 2255 motion is time-barred. *See* Dkt. No. 11.

The government filed a motion to dismiss on that ground on August 27, 2018. *See* Dkt. Nos. 13 & 14. And, on September 10, 2018, Burgess filed a Motion to Admit Section § 2255 Motion, which, in substance, is a response to the motion to dismiss. *See* Dkt. No. 16.

Without the need for a reply brief from the government, the undersigned entered these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2255 motion with prejudice as time-barred. *See* Dkt. No. 17 (the "Initial FCR").

Because the Initial FCR did not include a notice to Burgess regarding his right to file objections, the undersigned WITHDRAWS the Initial FCR and enters these amended findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2255 motion with prejudice as time-barred.

## Applicable Background

Burgess was convicted of possession of child pornography that depicted prepubescent minors, in violation of 18 U.S.C. § 2252A(a)(5)(B), and was sentenced to 180 months of imprisonment. *See United States v. Burgess*, No. 3:13-cr-503-L (01) (N.D. Tex.). After an unsuccessful direct appeal, *see United States v. Burgess*, 671 F. App'x 241 (5th Cir. 2016) (per curiam), he filed in this Court, on December 18, 2017, an application to proceed *in forma pauperis*, *see Burgess*, No. 3:13-cr-503-L (01) (N.D. Tex.), Dkt. No. 101. His cover letter to that application referenced a not-yet filed "Motion for Extension of Time." *See id.* at 5. And, because his application – if construed

liberally – could show an intent to file a Section 2255 motion, the Court ordered that, by January 19, 2018, Burgess either advise the Court that he would not seek post-conviction relief or file a Section 2255 motion on the Court's standard form that included all of his grounds for relief. *See Burgess*, No. 3:13-cr-503-L (01) (N.D. Tex.), Dkt. No. 103.

Burgess then filed a motion to extend that deadline. *See* Dkt. No. 1. The Court granted Burgess an extension and ordered that his Section 2255 motion be filed no later than March 1, 2018. *See* Dkt. No. 4. The Court made plain that its order "[was] not – and shall not be construed as – a predetermination as to whether Burgess's motion is timely under the one-year statute of limitations that governs Section 2255 proceedings." *Id.* at 2. The Court also advised Burgess about the statute of limitations that governed his Section 2255 proceeding. *See id.* And, on March 8, 2018, Burgess filed his Section 2255 motion. *See* Dkt. No. 5.

## Legal Standards

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The limitations period runs from the latest of:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The United States Supreme Court has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see,*

-4-

*e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

Burgess argues that his Section 2255 motion is timely under Section 2255(f)(4), the factual predicate provision of the limitations statute. To determine whether that provision "should be applied, the relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." *Milam v. United States*, No. 3:14-cv-1924-L-BN, 2015 WL 5896025, at *4 (N.D. Tex. July 30, 2015) (citations omitted), *rec. adopted*, 2015 WL 5896121 (N.D. Tex. Oct. 6, 2015); *cf. Wilder v. United States*, Civ. A. No. 10-0997 & Crim. No. 03-72, 2011 WL 3444178, at *7 n.5 (W.D. Pa. Aug. 8, 2011) (observing that, while the term "factual predicate of the claim" is used in place of "facts supporting the claim" in Section 2244(d)(1)(D), the state-habeas analogue to Section 2255(f)(4), courts do "not distinguish between the provisions").

"Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[, but t]hose courts that have given meaning to the term agree that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese*, 483 F.3d at 214; *Rivas*, 687 F.3d at 535)).

Relevant to his Section 2255(f)(4) contention, Burgess is serving a life sentence without parole after being convicted in state court, in early March of 2017, "of the

continuous sexual abuse of his pre-teen stepdaughter." *Burgess v. State*, No. 05-17-00271-CR, 2018 WL 3322886, at *1 (Tex. App. – Dallas July 6, 2018, no pet.). At his trial, over his objection, "the trial court admitted fifteen images of child pornography found on [his] computer and a document discussing whether 'statutory rape' was 'wrong.'" *Id.* at 2. "[O]n the second day of trial before any witnesses testified," "[t]he trial court held a hearing outside the presence of the jury to determine the admissibility of this evidence under article 38.37 of the code of criminal procedure." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2-a (West Supp. 2017)).

And Burgess now argues that the Section 2255 motion is timely because "new evidence was brought forth during [this] hearing unknown to [him]." Dkt. No. 7 at 2. He further explains:

> Movant in his § 2255 stated his innocence by showing evidence both known and assumed that Movant could not have organized the prepubescent child pornography. The assume evidence, the pictures metadata, can easily be verified by the court and is as yet still unavailable to Movant. There is no way known by Movant to garner this evidence. However, with the known evidence alone including the testimony [of his stepdaughter] "actual innocence" can be established thus with comformation of the assumed evidence "no juror, acting reasonably, would have noted to find him guilty beyond a reasonable doubt," assuming an unbiest and unenflaimed jurory.

*Id.* at 2-3 (no alteration to original).

Thus, although this argument focuses on evidence to support – rather than the factual predicate to state – a claim, Burgess argues that what he learned in late February or early March of 2017 supports a claim of actual innocence. But "evidence offered in support of an actual innocence claim ... may not also support tolling under [either] Section 2244(d)(1)(D)" or Section 2255(f)(4). *Nunez v. Davis*, No. 3:16-cv-1011-

-7-

L-BN, 2017 WL 3616648, at *3 (N.D. Tex. May 30, 2017), *rec. accepted*, 2017 WL 3601896 (N.D. Tex. Aug. 22, 2017) (citations omitted); *see also Morales v. McNeil*, No. 09-21335-Civ, 2010 WL 2976552, at *4 (S.D. Fla. June 14, 2010) ("[T]o the extent that any or all of the affidavit testimony is being offered in support of the petitioner's claim that he is entitled to habeas relief on the basis of newly discovered evidence of his innocence, the petitioner would not be entitled to tolling under § 2244(d)(1)(D), because this evidence suggesting his innocence is actually the claim itself, rather than the factual predicate of an independent claim. Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation, the petitioner would not be entitled to tolling under § 2244(d)(1)(D)." (collecting cases)), *rec. adopted*, 2010 WL 2976550 (S.D. Fla. July 20, 2010); *accord Cooper v. Stephens*, No. 3:14-cv-4212-M-BN, 2016 WL 2855580, at *3-*4 (N.D. Tex. Apr. 21, 2016), *rec. accepted*, 2016 WL 2824637 (N.D. Tex. May 13, 2016).

The Court therefore turns to Section 2255(f)(1).

Burgess's conviction became final on March 1, 2017 – the date on which his time to file a petition for a writ of certiorari expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). And the AEDPA statute of limitations expired one year later, on March 1, 2018. Burgess's Section 2255 motion – which he filed on March 8, 2018 (the date the Court received and docketed it) – is therefore time-barred because

he does not benefit from the prison mailbox rule. As explained by the United States

Court of Appeals for the Fifth Circuit, under that rule,

> *pro se* prisoner filings are deemed filed as soon as they are deposited into
> the prison mail system. *See Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir.
> 2011) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).
>
> > A paper filed by an inmate confined in an institution is
> > timely if deposited in the institution's internal mailing
> > system on or before the last day for filing. If an institution
> > has a system designed for legal mail, the inmate must use
> > that system to receive the benefit of this rule. Timely filing
> > may be shown by a declaration in compliance with 28 U.S.C.
> > § 1746 or by a notarized statement, either of which must set
> > forth the date of deposit and state that first-class postage
> > has been prepaid.
>
> Rule 3(d) of the Rules Governing Section 2255 Proceedings in the United
> States District Courts. When a litigant has certified under penalty of
> perjury that his petition was deposited in the prison mailing system on
> a certain date, the petition is deemed filed on that date. *See, e.g.,*
> *Windland v. Quarterman*, 578 F.3d 314, 318 (5th Cir. 2009) (§ 2254 case).

*United States v. Nyamaharo*, 514 F. App'x 479, 480 (5th Cir. 2013) (per curiam).

First, Burgess failed to certify, under penalty of perjury when – or even merely

provide the date on which – he deposited his Section 2255 motion in the prison mailing

system. *See* Dkt. No. 5 at 10 (signature but no date); *see also id.* at 53 (undated cover

letter). This alone prevents the benefit of the prison mailbox rule. *See, e.g., United*

*States v. Garza*, No. 2:12-CR-999-1 (2:15-CV-502), 2016 WL 2346945, at *2 (S.D. Tex.

May 4, 2016) (discussing Rule 3(d) against other circuit precedent and concluding that

that rule "requires an affirmative statement as to the date the motion is deposited in

the prison mail system" – "Garza has failed to provide evidence that his motion,

although timely signed, was deposited in the prison mail on or before December 11,

2015. Garza's motion is therefore untimely unless equitable tolling applies to extend limitations." (footnote omitted)).

Burgess further explains in his verified response to the order to show cause that he handed his completed Section 2255 motion to a correctional officer on the evening of February 26, 2018 but that the motion was returned to him on March 5, 2018 for insufficient postage. *See* Dkt. No. 7 at 3-4. This argument also fails to carry the day as to application of the mailbox rule, as the rule

> "'[does] not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of court in a timely manner.'" *Dison v. Whitley*, 20 F.3d 185, 187 (5th Cir. 1994) (quoting *Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir. 1993)) (internal quotation marks omitted). Accordingly, "[f]ailure to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail does not constitute compliance with this standard" and thereby does not entitle one's submission to the benefits of the mailbox rule. *Dison*, 20 F.3d at 187 (quoting *Thompson*, 993 F.2d at 514).

*Medley*, 660 F.3d at 837 (quoting the panel's prior opinion, *Medley v. Thaler*, 400 F. App'x 965, 968-69 (5th Cir. 2010) (per curiam) (withdrawn for other reasons); brackets omitted).

The Section 2255 motion is therefore due to be denied as untimely absent statutory or equitable tolling of the limitations period or establishment of actual innocence.

And, while Burgess may argue that he is actually innocent, he fails to present the requisite "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error," *McQuiggin*, 569 U.S. at 386.

He further asserts that the limitations period should be equitably tolled based on his being "repeatedly stressed to the point he was unable to work on his [Section] 2255." Dkt. No. 7 at 5; *see also* Dkt. No. 16 at 2 ("As for Equitable Tolling a day has not gone by that his PTSD has not triggered some way some how useualy multiple times a day, as for his ADHD this slowed the progress hints the nessesity of a type writer not received till recently." (no alteration to original)).

But these conclusory assertions do not demonstrate that Burgess is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his Section 2255 motion. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

For example, he has not shown that there is a "causal connection between [his asserted] mental illness[es] and his failure to file a timely federal habeas petition." *Jones v. Stephens*, 541 F. App'x 499, 505 & n.34 (5th Cir. 2013) (per curiam) (collecting cases); *see also Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (that petitioner was hospitalized 13 times during one-year limitations period, standing alone, was insufficient to merit equitable tolling); *Jones v. Thaler*, No. 3:10-cv-2100-P-BD, 2011 WL 444860, at *2-*3 (N.D. Tex. Jan.19, 2011) (same as to schizoaffective disorder resulting in hallucinations), *rec. adopted*, 2011 WL 419200 (N.D. Tex. Feb.7, 2011).

For these reasons, the Section 2255 motion is time-barred.

**Recommendation**

The Court should grant the government's motion to dismiss [Dkt. No. 13] and dismiss the Section 2255 motion as time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 26, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-12-